## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:12CV297 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $1,074,900.00 IN UNITED STATES CURRENCY, | ) ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| TARA MISHRA | ) | |
| | ) | |
| Claimant. | ) | |

This matter comes before the court on the claimant's Motion for Order Changing Venue (Filing No. 11). The claimant filed a brief (Filing No. 12) and two declarations (Filing Nos. 13 and 14) in support of the motion. The plaintiff filed a brief (Filing No. 22) in response to the motion to change venue.

The plaintiff, United States of America, filed the instant action on August 24, 2012, in the United States District Court for the District of Nebraska. **See** Filing No. 1 - Complaint. On October 1, 2012, the claimant, Tara Mishra, filed the motion to change venue. **See** Filing No. 11. The claimant seeks to move the action to the Central District of California, or, in the alternative, to the District of New Jersey pursuant to 28 U.S.C. §§ 1355, 1395, and 1404. **See** Filing No. 1 - Complaint. The claimant states the witnesses are located in California and New Jersey and the witnesses would be extremely inconvenienced to travel to Omaha, Nebraska. **See** Filing No. 12 - Brief p. 2. Specifically the claimant resides in the Central District of California and contends the defendant currency was previously located in the claimant's safety deposit box in California. *Id.* at 3; **See** Filing No. 14 - Claimant's Decl. p. 1. Further, the claimant states the Central District of California has many judges available to hear this case, Los Angeles has a major airport making travel easy, and the courthouse is located in downtown Los Angeles. **See** Filing No. 12 - Brief p. 4. Lastly, the claimant contends Nebraska does not appear to have any connection to this case other than the fact that a Nebraska State Patrol (NSP) trooper stopped the

vehicle for speeding in Nebraska. **See** Filing No. 13 - Diamond Decl. p. 1. The plaintiff opposes the transfer because the forfeiture action accrued in Lincoln County, Nebraska, where the traffic stop occurred and the defendant property was located. **See** Filing No. 22 - Response p. 2.

## BACKGROUND

This action arises from the seizure of $1,074,900 during a traffic stop. **See** Filing No. 1 - Complaint ¶ 2. On March 3, 2012, NSP Trooper Ryan Hayes (Trooper Hayes) stopped a vehicle for speeding on Interstate 80 in Lincoln County, Nebraska. *Id.* ¶ 7. Rajesh Manju Dheri and Marina Dheri (the Dheris) were in the vehicle. *Id.* The Dheris informed Trooper Hayes that they had flown to Los Angeles, California, on March 1, 2012, to visit a friend. *Id.* The Dheris then rented a vehicle and paid in excess of $2,000 for a one-way, week-long rental to drive home to New Jersey. *Id.* On March 2, 2012, the Dheris left Los Angeles and stopped in Las Vegas, Nevada, for dinner and then Colorado to visit a family member. *Id.* After spending the night of March 2, 2012, in Colorado, the Dheris continued their trip and planned to stop in Omaha and travel to Chicago to visit another family member. *Id.* The Dheris rented a vehicle instead of flying because they wanted to see the country and make several stops during the trip. *Id.*

After Trooper Hayes cited Mr. Dheri for speeding and told him he was free to go, Trooper Hayes asked the Dheris if there were any illegal items such as weapons or large amounts of money or drugs in the vehicle. *Id.* ¶¶ 8-9. The Dheris said there were no illegal items in the vehicle and gave Trooper Hayes verbal consent to search the vehicle and personal belongings in the vehicle. *Id.* The Dheris were in Trooper Hayes' cruiser during the search. *Id.* The camera system inside Trooper Hayes' cruiser captured the Dheris' converation as Trooper Hayes searched the vehicle. *Id.* ¶ 13. Mrs. Dheri asked Mr. Dheri, "What are you saying it is? Am I going to say I knew what it was or not?" *Id.* Mr. Dheri responded, "He asked me if there was money in the car and I said no." *Id.* Mrs. Dheri later stated, "He's going to ask you-you answer. It is not ours, it is our friends'." *Id.* The Dheris also discussed the total amount of the money and stated the money was "about a million." *Id.*

Trooper Hayes discovered three pieces of luggage in the vehicle's rear cargo area. *Id.* ¶ 10. There were two duffel bags and one backpack. *Id.* In one duffel bag, there were several dryer sheets in the bottom of the bag and a drawstring bag that held three, large Ziplock baggies, each of which contained several rubber-banded bundles of money. *Id.* The second duffel bag contained empty Ziplock baggies and a drawstring bag that held several rubber-banded bundles of money. *Id.*

The Dheris told Trooper Hayes the money was not theirs and belonged to a friend, Rajat, who gave the Dheris the money to start a business in New Jersey. *Id.* The Dheris were detained and taken to the NSP office in North Platte, Nebraska, along with the vehicle and money. *Id.* ¶ 12. Canine Handler Jeremiah Johnson's drug detector dog conducted a discretionary sniff of the seized money and indicated to the odor of controlled substances. *Id.*

The claimant filed a declaration stating she is married to Rajat Mishra. **See** Filing No. 14 - Claimant's Decl. p. 1. The claimant states the defendant money is not involved in any drug transactions. *Id.* at 2.

## ANALYSIS

Pursuant to 28 U.S.C. § 1395(a) "[a] civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found." Pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Under Eighth Circuit law "[c]ourts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997); **see** *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The burden of showing the necessity of a transfer under 28 U.S.C. § 1404(a) is substantial and rests on the party seeking the transfer. **See** *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010).

Under a § 1404(a) motion to transfer, a district court "should weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *Id.* at 913 (**citing** *Stewart*, 487 U.S. at 29). Of the factors considered, the plaintiff's choice of forum is given "considerable deference." *Id.* at 913; **see** *Estate of Rick v. Stevens*, 145 F. Supp. 2d 1026, 1039 (N.D. Iowa 2001) (noting plaintiff's choice of forum is given "great weight, and will not be lightly disturbed, especially where the plaintiff is a resident of the judicial district in which the suit is brought") (citation omitted). "[T]o prevail on a motion to transfer, the movant must show that his inconvenience substantially outweighs the inconvenience that plaintiff would suffer if venue were transferred." *Oien v. Thompson*, 824 F. Supp. 2d 898, 903 (D. Minn. 2010). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. **See** *Terra Int'l, Inc.*, 119 F.3d at 697.

In *Terra*, the Eighth Circuit noted a number of factors which are traditionally considered in deciding motions to transfer. *Terra Int'l, Inc.*, 119 F.3d at 696. These factors include "(1) the convenience of the parties, (2) the convenience of the witnesses -- including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Id.* In addition, when evaluating the "interest of justice" portion of § 1404, a court may consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Id.*

The plaintiff properly filed this forfeiture action "in the district where it accrues" under 28 U.S.C. § 1395(a). The court finds transfer to the Central District of California or the District of New Jersey is not warranted. The claimant has not shown her inconvenience strongly outweighs the inconvenience of the plaintiff if venue were transferred. The defendant currency was seized in Nebraska and Trooper Hayes and other officers, if required to testify, are based in Nebraska. Omaha is centrally located for all witnesses saving the witnesses the added expense of traveling from coast to coast if venue were

4

transferred. Further, the claimant need not be concerned for judge availability and location because the District of Nebraska has judges available to hear this case and Omaha's airport is less than five miles from the federal courthouse, which is located in downtown Omaha. The claimant does not argue other factors listed above in *Terra* apply and the claimant's convenience argument does not warrant transfer. Accordingly,

**IT IS ORDERED:**

The claimant's Motion for Order Changing Venue (Filing No. 11) is denied.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 13th day of November, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge