IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 8:12CV297 |
| v. | ) FINDINGS AND |
| $1,074,900.00 IN UNITED STATES CURRENCY, | ) RECOMMENDATION |
| Defendant, | ) |
| TARA MISHRA, | ) |
| Claimant. | ) |

This matter comes before the court on the plaintiff's Motion to Strike (Filing No. 32). The plaintiff filed a brief (Filing No. 33) in support of the motion. The claimant filed a brief (Filing No. 36) and Supplemental Memorandum of Points and Authorities in Opposition to Motion to Strike Claim (Filing No. 39) in response to the motion. The plaintiff did not file a reply.

The plaintiff, United States of America, filed the instant action on August 24, 2012, seeking forfeiture of $1,074,900 in United States Currency. See Filing No. 1 - Complaint. On October 1, 2012, the claimant filed a Verified Claim and Answer. See Filing Nos. 8 and 9. On November 20, 2012, the plaintiff filed the motion to strike. See Filing No. 32. The plaintiff requests this court strike the claimant's claim and answer pursuant to Supplemental Admiralty and Maritime Claims and Asset Forfeiture Actions Rule G because the claimant lacks standing to participate in this forfeiture action. *Id.*; Fed. R. Civ. P. Supp. G (2012).

## BACKGROUND

This action arises from the seizure of $1,074,900 during a traffic stop. See Filing No. 1 - Complaint ¶ 2. On March 3, 2012, NSP Trooper Ryan Hayes (Trooper Hayes) stopped a vehicle for speeding on Interstate 80 in Lincoln County, Nebraska. *Id.* ¶ 7. Rajesh Manju Dheri and Marina Dheri (the Dheris) were in the vehicle. *Id.* The Dheris informed Trooper Hayes they had flown to Los Angeles, California, on March 1, 2012, to visit a friend. *Id.* The Dheris then rented a vehicle and paid in excess of $2,000 for a one-way, week-long rental to drive home to New Jersey. *Id.* On March 2, 2012, the Dheris left Los Angeles and stopped

in Las Vegas, Nevada, for dinner and then in Colorado to visit a family member. *Id.* After spending the night of March 2, 2012, in Colorado, the Dheris continued their trip and planned to stop in Omaha and travel to Chicago to visit another family member. *Id.* The Dheris rented a vehicle instead of flying because they wanted to see the country and make several stops during the trip. *Id.*

After Trooper Hayes cited Mr. Dheri for speeding and told him he was free to go, Trooper Hayes asked the Dheris if there were any illegal items such as weapons or large amounts of money or drugs in the vehicle. *Id.* ¶¶ 8-9. The Dheris said there were no illegal items in the vehicle and gave Trooper Hayes verbal consent to search the vehicle and their personal belongings. *Id.* The Dheris were in Trooper Hayes' cruiser during the search. *Id.* The camera system inside Trooper Hayes' cruiser captured the Dheris' conversation as Trooper Hayes searched the vehicle. *Id.* ¶ 13. Mrs. Dheri asked Mr. Dheri, "What are you saying it is? Am I going to say I knew what it was or not?" *Id.* Mr. Dheri responded, "He asked me if there was money in the car and I said no." *Id.* Mrs. Dheri later stated, "He's going to ask you-you answer. It is not ours, it is our friends'." *Id.* The Dheris also discussed the total amount of the money and stated the money was "about a million." *Id.*

Trooper Hayes discovered three pieces of luggage in the vehicle's rear cargo area. *Id.* ¶ 10. There were two duffel bags and one backpack. *Id.* In one duffel bag, there were several dryer sheets in the bottom of the bag and a drawstring bag that held three, large Ziplock baggies, each of which contained several rubber-banded bundles of money. *Id.* The second duffel bag contained empty Ziplock baggies and a drawstring bag that held several rubber-banded bundles of money. *Id.*

The Dheris told Trooper Hayes the money was not theirs and belonged to a friend, Rajat, who gave the Dheris the money to start a business in New Jersey. *Id.* The Dheris were detained and taken to the NSP office in North Platte, Nebraska, along with the vehicle and money. *Id.* ¶ 12. Canine Handler Jeremiah Johnson's drug detector dog conducted a discretionary sniff of the seized money and indicated to the odor of controlled substances. *Id.*

The claimant, Tara Mishra, is a married woman who resides in Ranch Cucamonga, California. See [Filing No. 8](#) - Verified Claim ¶ 2. The claimant asserts she earned the defendant currency, which was previously held in safety security boxes in California. *Id.* ¶¶ 4-5. The claimant claims the defendant currency is unrelated to any drug transactions and

was given to the Dheris for an investment opportunity in a business in New Jersey. *Id.* ¶¶ 4-6; Filing No. 14 - Claimant's Decl. p. 2.

## ANALYSIS

Under Rule G, "[a]t any time before trial, the government may move to strike a claim or answer: (A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing." Fed. R. Civ. P. Supp. G(8)(c)(i). A claimant needs to demonstrate standing in order to contest an action in forfeiture. See *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003).

> In a forfeiture case, a claimant's Article III standing turns on whether the claimant has a sufficient ownership interest in the property to create a case or controversy. This threshold burden is not rigorous: To have standing, a claimant need not prove the underlying merits of the claim. The claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property.

*Id.* (internal citations omitted). "There are many ways to show an ownership interest, including actual possession, control, title, and financial stake." *United States v. Ford 250 Pickup 1990 VIN No. 1FTHX26M1LKA69552*, 980 F.2d 1242, 1246 (8th Cir. 1992). "Ownership interests are defined by the law of the State in which the interest arose . . . ." *One Lincoln Navigator 1998*, 328 F.3d at 1013.

The plaintiff argues Nebraska law applies because the ownership interest arose in Nebraska by virtue of the traffic stop. **See** Filing No. 33 - Brief p. 2. The plaintiff argues the claimant lacks standing because the claimant's act of giving the defendant currency to the Dheris was a completed gift and the claimant retained no remainder interest in the defendant currency. *Id.* Alternatively, the plaintiff argues the claimant is an unsecured creditor with no standing to contest a forfeiture action. *Id.* (**citing** *United States v. $20,193.39 U.S. Currency*, 16 F.3d 344, 346 (9th Cir. 1994) ("Unlike secured creditors, general creditors cannot claim an interest in any particular asset that makes up the debtor's estate. For this reason, the federal courts have consistently held that unsecured creditors do not have standing to challenge the civil forfeiture of their debtors' property.")).

The claimant states Supplemental Rule G(5) allows an individual "who asserts an interest in the defendant property" to file a claim. **See** Filing No. 36 - Response p. 9 (**citing** Fed. R. Civ. P. Supp. G(5)(a)(i)). Thus, the claimant argues although the claimant did not

have physical possession of the defendant currency, she can still assert ownership. *Id.* at 9. The claimant argues she did not gift the defendant currency to the Dheris. *Id.* at 8. The claimant argues there is no evidence of a gift because the Dheris did not provide a declaration. *Id.* The claimant argues she provided the Dheris with the defendant currency to convey to New Jersey for the claimant's investment in a New Jersey night club and not as a gift. *Id.* at 3-5. The claimant argues her husband, Rajat Mishra, and she traveled to New Jersey in February 2012, to meet with a New Jersey citizen to propose opening a new nightclub in Totoway, New Jersey. *Id.* at 4. Further, claimant argues she is not an unsecured creditor as the Dheris are not debtors. *Id.* at 16. Lastly, the claimant argues California law applies to the question of ownership. *Id.* at 7. The claimant argues the nature and character of the currency did not change because Trooper Hayes confiscated the defendant currency in Nebraska. *Id.* at 7-8.

The claimant allegedly earned and owned the defendant currency in California. Additionally, the claimant allegedly stored the money in safety deposit boxes in California. Therefore, it appears the claimant's ownership interest arose in California and California law applies. See *United States v. $746,198 in U.S. Currency, more or less*, 299 F. Supp. 2d 923, 930 (S.D. Iowa 2004) (concluding the claimant's interest in the defendant currency was defined by Michigan law where the claimant received the currency and not by Iowa law where the government seized the currency). However, regardless of the state law applied, there is insufficient evidence the claimant gifted the defendant currency to the Dheris or that the claimant is an unsecured creditor. There is no evidence the claimant intended to give the defendant currency to the Dheris as a gift. See *Ferer v. Aaron Ferer & Sons Co.*, 732 N.W.2d 667, 674 (Neb. 2007) ("One of the essential elements of a gift is the intention to make it. A clear and unmistakable intention on the part of the donor to make a gift of his or her property is an essential element of the gift . . . ."); *Burkle v. Burkle*, 141 Cal. App. 4th 1029, 1036 (Cal. Ct. App. 2006) (noting one element of a gift is "intent on the part of the donor to make a gift"). Further, there is no evidence the claimant loaned the defendant currency to the Dheris or that the Dheris are debtors. Thus, the plaintiff's gift and unsecured creditor arguments do not provide a basis to strike the claimant's claim and answer.

At this point in the proceedings, the claimant need not prove the merits of her claim, but only show a colorable interest in the defendant currency. The claimant has a financial stake in the defendant currency. The claimant, in her verified claim, stated she owns the

defendant currency.  **See** Filing No. 8 - Verified Claim ¶ 4.  Further, the claimant declared she earned the defendant currency through her employment.  **See** Filing No. 14 - Mishra Decl. p. 2; **see** *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) ("[U]nequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing."); *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1154, 1158 (2d Cir. 1994) ("[A]n allegation of ownership and some evidence of ownership are together sufficient to establish standing to contest a civil forfeiture."); *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1113 (5th Cir. 1992) (finding claimant had standing even though claimant merely claimed ownership without providing additional evidence and government alleged claimant's involvement with defendant currency).  If the claimant is the owner of the seized defendant currency, return of the seized property can, at least in part, redress the claimant's injury.  The claimant has alleged a colorable interest in the defendant currency and satisfied the threshold burden to establish standing.  Accordingly, as the motion is tantamount to a motion to involuntary dismiss a claim and pursuant to 28 U.S.C. 636(b)(1),

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's Motion to Strike (Filing No. 32) be denied.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 3rd day of January, 2013.

BY THE COURT:

s/ Thomas D. Thalken  
United States Magistrate Judge