IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>$1,074,900.00 IN UNITED STATES<br>CURRENCY,<br><br>                    Defendant.<br><br>TARA MISHRA,<br><br>                    Claimant. | **8:12CV297**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the objections of the United States, Filing No. 43, to the findings and recommendations ("F&R") of the magistrate judge, Filing No. 42. The magistrate judge recommended that this court deny the United States' motion to strike, Filing No. 32. The United States filed this case seeking forfeiture of $1,074,900.00. Filing No. 1. The claimant answered, Filing Nos. 8 and 9, and then the United States moved to strike. The basis of the motion to strike is that the claimant has no standing to assert a claim on the currency. Pursuant to 28 U.S.C. § 636, the court has reviewed the F&R of the magistrate judge, and in particular the objections of the United States, and finds the magistrate judge is correct in all respects.

Briefly, Nebraska State Patrol Trooper Ryan Hayes stopped a vehicle for speeding. He asked for permission to search the vehicle driven by Rajesh Manju Dheri and Marina Dheri. He received permission and ultimately found the $1,074,900.00 in currency. The Dheris are recorded talking to each other during the search, wherein they agree to say the money is not theirs but belongs to a friend. They further stated

the money was given to them to start a new business in New Jersey.  A canine sniff of the money indicated the odor of controlled substances.

The claimant in this case is Tara Mishra who resides in California.  She claims the money was not used for drugs and that she gave the money to the Dheris for a new business in New Jersey.  The United States moves to strike contending that Tara Mishra has no standing to assert a claim in this case.  Fed. R. Civ. P. Supp. G(8)(c)(i).

The magistrate judge determined that the claimant must show standing in order to contest an action for forfeiture.  *See United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1013 (8th Cir. 2003).*  The magistrate judge further indicated that "There are many ways to show an ownership interest, including actual possession, control, title, and financial stake."  *United States v. Ford 250 Pickup 1990 VIN No. 1FTHX26M1LKA69552, 980 F.2d 1242, 1246 (8th Cir. 1992).*  The magistrate judge concluded that the claimant states she did not gift the money to the Dheris; that the money was for an investment, and that she and her husband actually traveled to New Jersey regarding the opening of this nightclub; that the money was gained through the claimant's employment; that claimant states she owns the currency; and that she is not an unsecured creditor.  The magistrate judge further found that California law applies, as the claimant gave the money to the Dheris in California and the money was kept in California safety deposit boxes prior to its transfer.  The magistrate judge concluded that at this point in the proceedings the claimant stated a colorable interest in the currency sufficient to satisfy the threshold burden of establishing standing.

The court has reviewed the objections of the United States.  The United States disagrees with the magistrate judge that the gift and unsecured creditor arguments do

not provide a basis to strike.  The court disagrees with the United States.  The court finds that the magistrate judge is correct in its findings and conclusions of law.  The claimant has created a colorable claim and, as such, she has standing to assert it in this proceeding.  Accordingly, the court will adopt the F&R of the magistrate judge.

THEREFORE, IT IS ORDERED:

1.   The plaintiff's motion to strike, Filing No. 32, is denied.

2.  The F&R of the magistrate judge, Filing No. 42, is adopted in its entirety.

3.  The plaintiff's objections to the magistrate judge's F&R, Filing No. 43, are overruled.

4.  The magistrate judge is ordered to progress this case.

Dated this 29th day of January, 2013.

BY THE COURT:


s/ Joseph F. Bataillon
United States District Judge