IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     vs.<br><br>$1,074,900.00 IN UNITED STATES CURRENCY,<br><br>                Defendant.<br><br>TARA MISHRA,<br><br>                Claimant. | 8:12CV297<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on the claimant Tara Mishra's objection, Filing No. 35, to the magistrate judge's order, Filing No. 27, denying her motion to change venue, Filing No. 11.  Claimant moved to change the venue from Nebraska to California or, in the alternative, New Jersey.  Pursuant to 28 U.S.C. § 636, the court has reviewed the order of the magistrate judge Filing No. 27, and, in particular, the objections of the claimant, and finds the magistrate judge is correct in all respects.

      Briefly, Nebraska State Patrol Trooper Ryan Hayes stopped a vehicle for speeding.  He asked for permission to search the vehicle driven by Rajesh Manju Dheri and Marina Dheri.  He received permission and ultimately found the $1,074,900.00 in currency.  The Dheris are recorded talking to each other during the search, wherein they agree to say the money is not theirs but belongs to a friend.  They further stated the money was given to them to start a new business in New Jersey.  A canine sniff of the money indicated the odor of controlled substances.  The claimant in this case is Tara Mishra who resides in California.  She claims the money was not used for drugs and that she gave the money to the Dheris for a new business in New Jersey.  The

claimant contends that she has bank witnesses that will attest to the storage of her money in the bank deposit boxes in California; she also has witnesses in New Jersey who would testify as to proceedings before the local City Council and about the negotiations for the club in New Jersey.

The magistrate judge denied the motion to change venue. Filing No. 27. The magistrate judge determined that 28 U.S.C. § 1395(a) applies which states: "[a] civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found." The magistrate judge then reviewed 28 U.S.C. § 1404(a) and the factors enumerated by the Eighth Circuit in *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997), and determined a transfer to California or New Jersey is not warranted. The claimant filed objections contending that venue should be changed to either California or New Jersey. The court has carefully reviewed the magistrate judge's order and finds it is correct in all respects. The act in question giving rise to this case occurred in Nebraska. The United States is entitled to file its suit here. The factors do not weigh in favor of California or New Jersey.

THEREFORE, IT IS ORDERED:

1. The claimant's motion to change venue, Filing No. 11, is denied.
2. The objections of the claimant, Filing No. 35, are overruled.
3. The order of the magistrate judge, Filing No. 27, is affirmed in its entirety.

Dated this 29th day of January, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge