IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:12CV297 |
| vs. | |
| $1,074,900.00 IN UNITED STATES CURRENCY, | MEMORANDUM AND ORDER |
| Defendant, | |
| TARA MISHRA, | |
| Claimant. | |

This matter is before the court on claimant Tara Mishra's motion for attorney fees, Filing No. 67. The claimant is a prevailing party in this case, and the court has granted her motion for attorney fees. Filing Nos. 66 and 68. The court ordered the parties to brief the amount of fees that should be paid to the claimant. Filing Nos. 68 and 84. The parties have responded, and the court will now determine the amount of fees to be awarded to the claimant.

Claimant's counsel seeks to recover $39,035.00 which claimant paid to counsel for the handling of the claim and the trial. Filing No. 69, Aff. of Counsel Roger Diamond, at 1. Counsel worked 106.60 hours on the case and his standard hourly rate is $500 per hour. *Id.* at 1-2. Counsel is a member of the California and New York bar associations and is admitted to practice before the United States Supreme Court. *Id.* at 2. He is also a member of every federal circuit court of appeals in the United States. *Id.* at 3. He is certified by the California bar as a specialist in criminal law. *Id.* Further, he is a very experienced trial and appellate lawyer. All of counsel's invoices and time

records are attached as Filing No. 69-1. In support, counsel has attached the declaration of attorney Paul L. Gabbert. Filing No. 70. Mr. Gabbert has practiced law in both the civil and criminal areas since June 1977, and he specializes in the defense of federal civil asset forfeiture matters. *Id.* at 1. He represented more than 20 clients in published asset seizure and forfeiture cases, and wrote an article for AMJUR Trials on representing private citizens in drug asset forfeiture cases. *Id.* at 2. He has also testified at trial as an expert witness in these forfeiture cases. *Id.* He avers that attorneys in the Los Angeles area with 25 or more years of experience in the fields of federal civil litigation charge $450 to $900 per hour. His personal hourly rate for federal civil forfeiture cases is $650 per hour. *Id*. at 3. He also contends this is a highly specialized area of expertise. Further, he has known Mr. Diamond for more than 24 years in his professional capacity. He notes that Mr. Diamond has been practicing for 46 years and that the $500 hourly rate charged by Mr. Diamond is at the low end of the reasonable market rates. *Id*. at 5. Counsel also submitted the declaration of John H. Weston, Filing No. 72, who is an attorney licensed in California. Mr. Weston charges $625 per hour and believes that Mr. Diamond is a competent, hard-working and skilled attorney, and the request for $500 per hour is reasonable. *Id*. at 2.

Under 28 U.S.C. § 2465(b)(1)(A), the claimant is entitled to a reasonable attorney fee, as she substantially prevailed in her forfeiture action. The purpose of allowing this recovery of fees is to deter the government from overreaching in its actions in civil forfeiture cases. *United States v. Khan*, 497 F.3d 204, 208 (2d Cir. 2007). The government responded, Filing No. 75, acknowledging that claimant is entitled to a reasonable fee and related costs if she substantially prevails in a civil forfeiture

proceeding. At that time, however, the government was considering an appeal of the merits of the decision and asked for a stay. Thereafter, the government dismissed its appeal. On November 25, 2013, the court ordered the government to respond to claimant's motion for attorney fees and costs within seven days, and the claimant to respond seven days thereafter. The government responded on December 5, 3013, stating: "COMES NOW the Plaintiff, United States of America, and pursuant to this Court's Order dated November 26, 2013 ([Filing No. 84](#)), responds to Claimant's Motion for Attorney's Fees ([Filing No. 67](#)), by submitting the same to the court for its consideration." The government offered no argument or brief in opposition to the motion for attorney fees. Accordingly, the court concludes the government has no disagreement with claimant's request.

The statute requires that the claimant receive a reasonable attorney fee. There is a fee agreement in this case, which the court finds reasonable. The court further notes that claimant has already paid the requested fee to counsel. The court would generally not make an award of $500 per hour as an attorney fee, as that is not the going rate for most attorneys in this district. However, it is clear that claimant benefited from having a California attorney, as California law issues were implicated in this case. Further, the claimant lived in California, so having counsel in her jurisdiction assisted in reducing the costs in this case. Additionally, claimant tried to change the venue to California, but that was not successful. Claimant further benefited from having experienced counsel in this case. For these reasons, the court will grant the $500 per hour requested by the claimant.

4

The court has further reviewed the invoices and bills submitted by counsel. The court finds the entries to be reasonable in all respects. Counsel only spent 106.60 hours on the case and won on the merits. The hours spent are more than reasonable. Accordingly, the court will grant the motion for attorney fees in the amount of $39,035.00, payable to the claimant herein.

THEREFORE, IT IS ORDERED that claimant's motion for attorney fees, Filing No. 67, is granted. The government is ordered to pay $39,035.00 directly to the claimant, Tara Mishra.

Dated this 27th day of January, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge